IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| O B THOMPSON, III, | ) | |
|    ID # 57987-177, | ) | |
|      Movant, | ) | |
| | ) | No. 3:20-CV-3232-B-BH |
| vs. | ) | No. 3:18-CR-573-B(11) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|      Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Final Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on October 5, 2021 (doc. 18), should be **DENIED** with prejudice.

## I.   BACKGROUND

O.B. Thompson, III (Movant) challenges his federal conviction and sentence in Cause No. 3:18-CR-573-B(11). The respondent is the United States of America (Government).

### A.   Conviction and Sentencing

Movant was charged by indictment with one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 (Count One), and one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Twelve). (*See* doc. 1.)[2] He pled guilty to Count Twelve of the indictment on January 15, 2019, under a plea agreement. (*See* docs. 68, 119.)

In his plea agreement, Movant stated that he understood and waived his rights to plead not

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:18-CR-573-B(11).

guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See* doc. 68 at 1.)[3] He understood the nature and elements of the crime to which he was pleading guilty, and he agreed that the factual resume he signed was true and would be submitted as evidence. (*See id.* at 1-2.) The plea agreement set out the minimum and maximum penalties for Count Twelve; it stated that Movant had reviewed the federal sentencing guidelines with counsel and he understood that his sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding, and that no one could predict with certainty the outcome of the Court's consideration of the guidelines. (*See id.* at 2-3.) He understood that the Court had sole discretion to impose the sentence. (*See id.* at 3.) He had thoroughly reviewed all legal and factual aspects of the case with counsel and concluded that it was in his best interest to enter into the plea agreement, rather than to proceed to trial. (*See id.* at 6-7.) The guilty plea was freely and voluntarily made, and was not the result of force or threats, or of promises apart from those set forth in the plea agreement; he affirmed that there were no guarantees or promises from anyone about what sentence the Court would impose. (*See id.* at 6.) He waived his right to appeal his conviction and sentence and his right to contest the conviction and sentence in any collateral proceeding, except in the limited circumstances set out in the plea agreement. (*See id.*) In exchange, the Government agreed not to bring any additional charges against him based on the conduct underlying and related to his guilty plea, and to dismiss any remaining charges in the pending indictment after sentencing. (*See id.* at 5.)

At his re-arraignment on January 15, 2019, Movant acknowledged under oath that he had read the plea agreement, plea agreement supplement, and factual resume before he signed them,

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

2

he understood each of the essential elements of the charged offense, and the facts stated in his factual resume were true and correct. (*See* doc. 366 at 8-10, 16.) He affirmed that he had discussed with his attorney how the sentencing guidelines might apply in his case, and he was advised that if he pled guilty, the Court would not be bound at sentencing by facts stipulated by the parties; it could disregard stipulated facts or consider facts that were not stipulated. (*See id.* at 13-14.) He pled guilty to Count Twelve, and the Court found that his guilty plea was knowing and voluntary. (*See id.* at 15-16; docs. 124, 145.)

On March 28, 2019, the United States Probation Office (USPO) prepared a presentence investigation report (PSR) in which it applied the 2018 United States Sentencing Guidelines Manual. (*See* doc. 153-1 at ¶ 28.) Based on corroborating statements made by co-conspirators in the underlying criminal investigation, Movant was held accountable for 2.97 kilograms of cocaine base.[4] (*See id.* at ¶¶ 18, 21.) Based on this quantity of cocaine base, his base offense level under the drug quantity table of U.S.S.G. § 2D1.1(c)(3) was 34. (*See id.* at ¶ 29.) Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 31. (*See id.* at ¶¶ 36-38.) Based on a total offense level of 31 and a criminal history category of VI, the resulting guideline imprisonment range was 188 to 235 months. (*See id.* at ¶ 92.)

On August 27, 2019, Movant objected to the drug quantity amount for which he was held accountable in the PSR, arguing that the parties referred "to the offense as involving cocaine and not cocaine base," the total amount of verified drugs involved in the offense was no more than 33.03 grams of cocaine base, and Movant had pled guilty to possession with intent to distribute a controlled substance, not to conspiracy to possess with intent to distribute a controlled substance.

---

[4] Under the sentencing guidelines, "'[c]ocaine base' . . . means 'crack.' 'Crack' is the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form." U.S.S.G. § 2D1.1(c), n.(D).

(doc. 262 at 1.) He objected that the information used in the PSR to support the drug quantity amount was "vague, inconsistent and unsupported." (*Id.* at 2.) On September 5, 2019, the USPO submitted an addendum to the PSR in which it addressed Movant's objections and supported the PSR as written. (*See* doc. 274-1.) The addendum also stated that, on September 3, 2019, a DEA task force officer confirmed that the co-conspirators who provided information about the drug quantities attributed to Movant were considered credible and reliable, and jail calls indicated a probable drug-trafficking relationship between Movant and a co-conspirator. (*See id.* at 2.) Additional information was also received asserting that a confidential source (CS) and a co-defendant were present on separate occasions when Movant purchased cocaine base from the co-conspirator. (*See id.*)

At the sentencing hearing on December 11, 2019, the Court heard testimony and argument regarding the drug quantity amount and drug type used to calculate Movant's applicable guideline range. (*See* doc. 380 at 6-28.) It found Movant accountable for 5 ounces of cocaine base, which resulted in a reduced base offense level of 26, total offense level of 23, and a guideline imprisonment range of 92 to 115 months. (*See id.* at 26-28, 34.) It overruled Movant's equity challenges to his criminal history and the disparity between cocaine and cocaine base sentences. (*See id.* at 29-31.) By judgment dated December 13, 2019, Movant was sentenced to 115 months' imprisonment on Count Twelve, to be followed by a three-year term of supervised release. (*See* doc. 337 at 1-3.)

On appeal, appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and the appeal was dismissed on September 4, 2020. *See United States v. Thompson*, 819 F. App'x 282 (5th Cir. 2020). Movant did not file a petition for a writ of certiorari with the Supreme Court.

B.   **<u>Substantive Claims</u>**

Movant's final amended § 2255 motion[5] asserts the following grounds for relief:

(1) [Movant's] Sixth Amendment right to the effective assistance of counsel was violated, where counsel failed to object to the hearsay evidence that served as the basis for the district's [sic] drug quantity determination and his sentence;

(2) [Movant's] Sixth Amendment right to the effective assistance of counsel on appeal was violated, where appellate counsel failed to present any challenge to the district court's erroneous drug quantity determination; and

(3) [Movant's] Sixth Amendment right to the effective assistance of counsel was violated, where counsel failed to make the "proper" objection to the PSR's drug type determination, where the erroneous drug type was used as a basis for [Movant's] sentence.

(No. 3:20-CV-3232-B-BH, doc. 18 at 7.) The Government filed a response to the final amended § 2255 motion on December 6, 2021. (*See id.*, doc. 24.) Movant did not file a reply, but on July 1, 2022, he filed a supplement to the final amended § 2255 motion. (*See id.*, doc. 29.)

## II.   SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

---

[5] A motion received by Movant on October 19, 2020, in the underlying criminal case was construed as a first § 2255 motion by order dated October 22, 2020, and this action was opened. (*See* No. 3:20-CV-3232-B-BH, docs. 1-2.) After Movant was provided with the required warnings and instructions in accordance with *Castro v. United States*, 540 U.S. 375, 383 (2003), he filed an amended § 2255 motion and a brief in support that were received on November 10, 2020. (*See id.*, docs. 5-6.) After the Government filed its response and Movant filed his reply, Movant filed a motion to clarify or amend the § 2255 motion. (*See id.*, docs. 13-14, 16.) On September 7, 2021, his motion was granted, and to avoid piecemeal consideration of his various filings and amendments setting forth grounds for relief, he was ordered to file a final amended § 2255 motion setting forth all claims that he sought to pursue in one filing, regardless of whether he had previously asserted the claims or was raising new claims for relief. (*See id.*, doc. 17.) His final amended § 2255 motion and brief in support were received on October 5, 2021. (*See id.*, docs. 18-19.)

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Movant contends that trial and appellate counsel rendered ineffective assistance under the Sixth Amendment. (*See* No. 3:20-CV-3232-B-BH, doc. 18 at 7.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Lucey*, 469 U.S. at 396. Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*. Under *Strickland*, the movant must show a reasonable probability that but for counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious

7

arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and internal citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

A.      **Hearsay Testimony**

In his first and second grounds, respectively, Movant contends that trial counsel was ineffective during sentencing because he "failed to object to the hearsay evidence that served as the basis for the district's [sic] drug quantity determination and [Movant's] sentence," and appellate counsel was ineffective because he "failed to present any challenge to the district court's erroneous drug quantity determination." (No. 3:20-CV-3232-B-BH, doc. 18 at 7; *see also* doc. 19 at 3, 9-10.) He alleges that during the sentencing hearing, the Government's witness "recited statements from an interview with [Movant's] co-defendant[,]" and that these "uncorroborated hearsay statements were the basis of the district court's determination that 5 ounces of cocaine base was attributable to [Movant]." (*Id.*, doc. 18 at 7.) He argues that trial counsel "failed to object to the use of these uncorroborated hearsay statements, leaving [Movant] subjected to a higher Guidelines Range, which resulted in a higher sentence," and that his cross-examination of the officer was ineffective. (*Id.*, doc. 18 at 6-7.) He also argues that appellate counsel should have found "in the record the district court's erroneous drug quantity determination that was based upon hearing testimony, and rais[ed] that issue on appeal[.]" (*Id.*)

"The district court's drug quantity calculation is a factual determination[.]" *United States v. Perez*, 785 F. App'x 207, 208 (5th Cir. 2019); *accord United States v. Rodriguez-Lopez*, 756 F.3d 422, 434-35 (5th Cir. 2014). When assessing the drug quantity attributable to a specific

defendant, the court can look to "any information that has sufficient indicia of reliability to support its probable accuracy," including uncorroborated hearsay evidence. *Perez*, 785 F. App'x at 208; *see also United States v. Nava*, 624 F.3d 226, 230-31 (5th Cir. 2010) ("In making factual findings for sentencing purposes, the district court may consider any evidence 'which bears sufficient indicia of reliability to support its probable accuracy, including hearsay evidence.'") (quoting *United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002)); *United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996) ("Even uncorroborated hearsay evidence may be sufficiently reliable."). Generally, a PSR has sufficient indicia of reliability, so the "'district court may adopt facts contained in the PSR without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence.'" *Perez*, 785 F. App'x at 208 (quoting *United States v. Alford*, 142 F.3d 825, 831-32 (5th Cir. 1998)); *accord United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). A defendant attempting to attack the reliability of a PSR bears the burden of demonstrating that the information in the PSR is "materially untrue, inaccurate or unreliable, and [m]ere objections do not suffice as competent rebuttal evidence." *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999) (quoting *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998)) (internal quotation marks omitted).

Here, the portion of the PSR regarding the drug quantities attributed to Movant stated:

Agents learned through corroborating statements made by coconspirators that [Movant] was in the narcotics business and distributed cocaine base, marijuana, and ecstasy. [Movant] distributed ¼ ounce of cocaine base to codefendant Levingston on approximately four occasions, with the last time being approximately in August 2018, after Hudgens['] arrest for the instant offense. In addition, [the co-defendant] would purchase cocaine base from [Movant] whenever [the co-conspirator] was not available. As such, [Movant] distributed at least <u>1 ounce (28.35 grams) of cocaine base</u> to [the co-defendant]. [The co-conspirator] supplied [Movant] cocaine base prior to his arrest for the instant offense; specifically, [Movant] would obtain 1 to 2 ounces of cocaine base, once or twice a week for the last two years. Therefore, [the co-conspirator] supplied [Movant] at least <u>104 ounces (2,948.35 grams) of cocaine base</u>. In an abundance of caution, this officer utilized the least amount of

drugs and occasions for drug quantity computation purposes.

(doc. 153-1 at ¶ 18 (emphasis in original).)[6] Counsel filed written objections challenging the drug quantities attributed to Movant in the PSR as based on uncorroborated statements of a co-defendant and unnamed co-conspirators. (*See* doc. 262.) The USPO submitted an addendum addressing the objections, which stated that the accuracy of the information originally obtained was verified by an officer who confirmed that the sources of information were considered credible and reliable, and that additional information was received asserting that a CS and a co-defendant were present on separate occasions when Movant bought cocaine base from a co-conspirator. (*See id.* at 2.)

At the sentencing hearing, the Government presented testimony and evidence from the officer to support the drug quantity calculations. (*See* doc. 380 at 8-18, 22-23.) He testified that during the underlying criminal investigation, he interviewed sources who knew Movant very well, including the co-defendant. (*See id.* at 10.) During the co-defendant's interview, he admitted to personally purchasing a quarter ounce of crack cocaine from Movant approximately four times within the two months before his interview and observing a co-conspirator provide Movant with one to two ounces of crack cocaine one or two times; the co-defendant also said the co-conspirator was a source of supply for Movant, who would get one or two ounces of crack cocaine from the co-conspirator once or twice per week. (*See id.* at 11-12, 19.) The officer testified that the quarter kilo of cocaine found where the co-conspirator was arrested corroborated the co-defendant's statements about the co-conspirator's supplier status. (*See id.* at 13.) The officer found the co-defendant's statements credible and reliable because the co-defendant admitted to drug deals and

---

[6] The PSR also stated that on March 8, 2018, Movant sold .10 grams of cocaine base to a CS, and on November 14, 2018, he was arrested on information from the CS at a residence where law enforcement found him in possession of $326 and two cellphones, and found 5.59 grams of cocaine base that Movant indicated belonged to him. (*See* doc. 153-1 at ¶¶ 15, 17.) Movant was not held accountable for these drug quantities or the currency for purposes of sentencing "in the abundance of caution and to avoid double counting." (*Id.* at ¶ 21.)

10

amounts that the officer was involved in and knew about, he provided information that led to the arrest of other drug traffickers, and the information he provided about the local crack industry, drug traffickers, and drugs all checked out. (*See id.* at 13-15.) On cross-examination, Movant's counsel questioned the co-defendant's reliability given his criminal history and past crimes of moral turpitude, and he confirmed through the officer that the co-conspirator did not corroborate the statements made by the co-defendant.[7] (*See id.* at 18-21.) The Court found that the co-defendant's statements to the officer regarding the drug quantities which he personally purchased from Movant or saw Movant receive from the co-conspirator were reliable and would be considered in determining the drug quantities attributable to Movant; it found that the hearsay testimony from the co-defendant about the drug quantities the co-conspirator provided to Movant on a weekly basis was "just missing an element of credibility, because [the co-conspirator] hasn't weighed in on this," was therefore not reliable, and it would not be considered in determining the drug quantities attributed to Movant. (*See id.* at 25-28, 32.)

To the extent Movant claims that counsel failed to object to the alleged uncorroborated hearsay statements of the co-defendant, his claim is refuted by the record. As discussed, counsel objected to the "information obtained by the agents 'through corroborating statements made by coconspirators'," arguing that this information did "not meet the standard required pursuant to USSG §6A1.3(a) to have sufficient indicia of reliability to support its probably [sic] accuracy." (doc. 262 at 2.) Counsel again challenged the drug quantity calculation at sentencing based on the PSR's "very little data. . . that talks about corroboration," and cross-examined the officer as to the co-defendant's reliability and the lack of corroboration from the co-conspirator. (doc. 380 at 7, 18-21.) That counsel's challenges were unsuccessful as to statements made by the co-defendant about

---

[7] The co-conspirator refused to talk and did not de-brief with the Government in the underlying criminal case. (*See* doc. 380 at 18, 21.)

the drug quantities he personally purchased or observed does not render him ineffective. *See, e.g., Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983) ("The fact that trial counsel was unsuccessful in his efforts does not constitute, in light of the entire record, a basis for habeas corpus relief.").

Further, uncorroborated hearsay and "[s]tatements by coconspirators are sufficiently reliable to form the basis of a finding." *United States v. Rico*, 864 F.3d 381, 386 (5th Cir. 2017); *Gaytan*, 74 F.3d at 558. Aside from conclusory allegations and complaints about the absence of additional evidence, such as specific dates and locations of drug transactions, "trash pulls, phone records, stake-outs, [or] undercover buys," to support the co-defendant's statements relating to drug quantities he personally purchased or observed, Movant provides no facts or evidence demonstrating that the alleged hearsay evidence was "materially untrue, inaccurate or unreliable." *Huerta*, 182 F.3d at 364; (No. 3:20-CV-3232-B-BH, doc. 19 at 6; *see also id.*, doc. 19 at 11; *id.*, doc. 29 at 6.). He therefore fails to allege facts or evidence showing a meritorious basis on which counsel could have further challenged the PSR and the hearing testimony. Because counsel is not deficient for failing to make a meritless argument, Movant fails to satisfy the first *Strickland* prong. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

Movant also offers no more than speculation and conclusory allegations to show *Strickland* prejudice, i.e., a reasonable probability that his sentence would have been less harsh absent counsel's alleged deficiencies. *See, e.g., Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice."). Because speculation and conclusory allegations, unsubstantiated by evidence in the record, are insufficient to obtain relief, he has failed to satisfy

his burden under *Strickland*. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."); *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Accordingly, he is not entitled to § 2255 relief on this claim.

Regarding Movant's claim that appellate counsel was ineffective on appeal for not challenging the drug quantity amount based on the co-defendant's alleged hearsay statements, he has not alleged or shown any "[s]olid, meritorious arguments based on directly controlling precedent" that appellate counsel should have raised on direct appeal, and he has not shown *Strickland* prejudice for the same reasons discussed. *Williamson*, 183 F.3d at 463; *see also Miller*, 200 F.3d at 282. He is therefore not entitled to relief on this claim.

Because Movant has not met his burden under *Strickland* to show that trial or appellate counsel rendered ineffective assistance in connection with the drug quantities attributed to him for purposes of sentencing, his claims should be denied.[8]

### B.     **Uncalled Witness**

In his first ground, Movant also contends that trial counsel was ineffective "where he failed to take any opportunity to rebut the hearsay testimony of [the officer] by putting [the co-defendant]

---

[8] Citing *United States v. Hamann*, 33 F.4th 759 (5th Cir. 2022), Movant argues for the first time in his reply that "his right to confrontation was violated as a result of counsel's deficient representation" regarding the alleged hearsay statements of the co-defendant to which the officer testified at the sentencing hearing. (No. 3:20-CV-3232-B-BH, doc. 29 at 3.) *Hamann* involved a defendant's confrontation rights in the trial context. *See Hamann*, 33 F.4th at 767-71. Movant has no Sixth Amendment right of confrontation at his sentencing hearing. *See United States v. Rodriguez*, No. 22-40235, 2023 WL 5821787, at *1 (5th Cir. Sept. 8, 2023) (recognizing that the attempt to apply the Confrontation Clause to sentencing hearing is foreclosed by precedent) (citing *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006)). To the extent his grounds of ineffective assistance of counsel rely on the alleged violation of his confrontation rights at the sentencing hearing, they are without merit and should be denied on this additional basis.

on the stand." (No. 3:20-CV-3232-B-BH, doc. 19 at 5-6; *see also id.*, doc. 29 at 3, 7.)

"[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman,* 566 F.3d 527, 538 (5th Cir. 2009). In order "to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the [movant] must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.*; *see also Alexander v. McCotter,* 775 F.2d 595, 602 (5th Cir. 1985).

Here, Movant identifies only the co-defendant as a witness counsel failed to call at sentencing and alleges that the co-defendant was available to testify because he was incarcerated. (*See* No. 3:20-CV-3232-B-BH, doc. 19 at 5-6; *id.*, doc. 29 at 7.) He fails to show that the co-defendant would have testified at his sentencing hearing, set out his proposed testimony, and show that the testimony would have been favorable to a particular defense, however. He therefore has failed to satisfy his burden under *Strickland* to establish ineffective assistance of counsel for failing to call the co-defendant as a witness at sentencing. *See Day,* 566 F.3d at 538; *Alexander,* 775 F.2d at 602. This conclusory claim should be denied.

### C. Credibility Findings

In his first ground, Movant also contends that counsel was ineffective "where he failed to object to the district court's failure to make explicit findings of fact as to the credibility of the evidence presented." (No. 3:20-CV-3232-B-BH, doc. 19 at 7.) He argues that the determination of the drug quantities for which he was held accountable at sentencing "was based solely upon the hearsay testimony of [the officer], yet the district court failed to make any explicit findings of fact

14

as to why this evidence was credible. And counsel failed to object." (*Id.*)

At sentencing, a court "must—for any disputed portion of the [PSR] or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]" Fed. R. Crim. P. 32(i)(3)(B). This rule "does not, by its terms, . . . require an explicit statement from the court." *United States v. Perez-Barocela*, 594 F. App'x 224, 231 (5th Cir. 2014); *see also United States v. Ramirez-Gonzalez*, 840 F.3d 240, 246-47 (5th Cir. 2016).

Here, after hearing testimony and arguments at the sentencing hearing regarding Movant's challenges to the drug quantities for which he was held accountable, the Court found that information from the co-defendant about the drug quantities he personally purchased from Movant and which he personally observed Movant receive from the co-conspirator were reliable and would be considered in the drug quantity calculation. (*See* doc. 380 at 25, 32.) It also found that the information from the co-defendant about the drug quantities Movant received from the co-conspirator when the co-defendant was not present were not credible or reliable and would not be considered in the drug quantity calculation. (*See id.* at 25, 27-28, 32.) Because the Court ruled on this disputed portion of the PSR as required by Rule 32(i) and was not required to make further explicit statements for its ruling, Movant fails to allege any meritorious ground on which counsel could or should have objected. Because counsel is not deficient for failing to make a meritless argument, Movant fails to satisfy the first *Strickland* prong. *See Sones*, 61 F.3d at n.5.

Even assuming for purposes of this motion only that counsel was deficient for failing to object to the Court's rulings on the ground that it did not "make any explicit findings of fact as to why this evidence was credible," *Strickland* also requires a showing of prejudice. (No. 3:20-CV-3232-B-BH, doc. 19 at 7.) Aside from speculation and conclusory allegations that are insufficient

to satisfy his burden under *Strickland*, Movant fails to provide any facts or evidence demonstrating a reasonable probability that his sentence would have been less harsh absent the alleged deficiency of counsel. *See Miller*, 200 F.3d at 282. He has not satisfied both prongs of *Strickland*, and the claim should therefore be denied.

**D.    Cocaine Base Computation**

In his third ground, Movant contends that trial counsel was ineffective where he "failed to make the 'proper' objection to the PSR's drug type determination, where the erroneous drug type was used as a basis for [Movant's] sentence." (No. 3:20-CV-3232-B-BH, doc. 18 at 7; *see also id.*, doc. 19 at 13-14.) He alleges that "[t]he Government, [Movant], and [Movant's] law all agreed and stipulated in the Plea Agreement, Factual Resume, and at the change of plea hearing, that the Drug type or drug involved in this case was Cocaine." (*Id.*, doc. 18 at 7; *see also id.*, doc. 19 at 15-17.) He also alleges that the "PSR determined that the drug type was cocaine base or crack," which he claims was "[a] drug type not agreed to by the Government and Defendant in the Factual Resume, and a drug type which carries a higher sentence or Guidelines Range." (*Id.*, doc. 18 at 7; *id.*, doc. 19 at 14.) According to Movant, "[w]hile counsel objected to the PSR's drug type, at sentencing he stated the objection was for equity purposes, thereby waiving the objection and subjecting [Movant] to a higher base offense level, higher guidelines range, and ultimately higher sentenced [sic]." (*Id.*, doc. 18 at 7; *see also id.*, doc. 19 at 16.)

Here, the record shows that counsel objected to the use of cocaine base, rather than cocaine, in the PSR's drug calculation, arguing that the parties had referred to the offense as involving cocaine in the indictment and factual resume. (*See* doc. 262 at 1; doc. 269 at 6.) At the sentencing hearing, counsel challenged the PSR's use of "the base versus the cocaine," identifying the issue as one of "the two main issues in my objections to the [PSR]." (doc. 380 at 7.) When read in

16

context with the Court's inquiries after addressing counsel's objection to the PSR's drug quantity calculation, counsel reiterated his objection to the PSR's use of cocaine base in the drug calculation, stating that he "would urge cocaine, but, again, that's the judge's call of course." (*Id.* at 28.) Movant was ultimately held accountable for 5 ounces of cocaine base for purposes of sentencing. (*See id.* at 27-28.) Counsel also argued for a lower sentence under the sentencing factors of 18 U.S.C. § 3553(a), based in part on the disparity between cocaine and cocaine base sentences. (*See id.* at 31; doc. 269 at 6-7.)

To the extent Movant claims that counsel failed to "properly" object at sentencing to the use of cocaine base to calculate his guideline sentence and made only an equity challenge that waived his objection, his allegations are refuted by the record. As discussed, counsel objected both in writing and at the sentencing hearing to the PSR's use of cocaine base in calculating the guideline range. (*See* doc. 262 at 1; doc. 380 at 7, 28.) He also raised an independent equity challenge under the § 3553(a) factors based on the disparity between cocaine and cocaine base sentences. (*See* doc. 269 at 6-7; doc. 380 at 31.) Movant's claim is without merit and does not warrant § 2255 relief.

To the extent Movant contends that counsel was ineffective for not further objecting to the PSR's use of cocaine base to calculate his guideline range, his claim also fails. "In determining [a] defendant's base-offense level, courts may consider drug quantities not specified in the count of conviction if they are part of [the] defendant's 'relevant conduct', as defined by Guideline § 1B1.3." *United States v. Ruiz*, 436 F. App'x 361, 362 (5th Cir. 2011); *see also* U.S.S.G. § 2D1.1, cmt. 5 ("[t]ypes and quantities of drugs not specified in the count of conviction may be considered in determining the offense level.") (citing U.S.S.G. § 1B1.3(a)(2)). Here, the PSR determined that the cocaine base quantities for which Movant was held accountable constituted relevant conduct

under U.S.S.G. § 1B1.3(a)(1)(B). (*See* doc. 153-1 at 8 & ¶ 21.) The Court could consider the cocaine base quantities for sentencing purposes notwithstanding the charged offense. *See Ruiz*, 436 F. App'x at 362. Because the use of cocaine base to calculate Movant's guideline range was consistent with the sentencing guidelines, he has not shown a meritorious basis on which counsel could have further objected to the calculation.[9] Because counsel is not deficient for failing to make a meritless argument, Movant fails to satisfy the first *Strickland* prong. *See Sones*, 61 F.3d at n.5.

Because Movant has not identified a meritorious basis on which counsel should have further objected to the use of cocaine base to calculate his guideline range, he also has failed to show *Strickland* prejudice, i.e., that his sentence would have been less harsh. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument. . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Even assuming for purposes of this motion only that counsel rendered deficient performance by not further objecting to the cocaine base guideline calculation, he offers only speculative and conclusory allegations of resulting prejudice, which are insufficient to carry his burden. *See Miller*, 200 F.3d at 282; *Ross*, 694 F.2d at 1011. Movant has failed to satisfy his burden under *Strickland*, and his

---

[9] Movant also appears to argue that "[i]t is clear and without question that all parties agreed and stipulated to, and asserted to the district court that this case involved the drug type cocaine," for purposes of sentencing. (No. 3:20-CV-3232-B-BH, doc. 19 at 15; *see also id.*, doc. 19 at 16-17, 19-21.) His argument is unsupported by and contrary to the record. The indictment and the plea documents do not contain any promises or understandings by the Government or Movant regarding relevant conduct, the types of drugs for which he would be held accountable for sentencing purposes, or how the sentencing guidelines would be applied to calculate his applicable guideline range. (*See* docs. 1, 67-68.) Rather, he acknowledged in the plea agreement that he understood and agreed that the sentence imposed was solely in the discretion of the Court after consideration of the advisory sentencing guidelines, no one could predict with certainty the outcome of the Court's consideration of the guidelines in his case, the plea agreement was a complete statement of the parties' agreement and could not be modified unless done in writing and signed by all parties, and no guarantees or promises from anyone had been made as to what sentence the Court would impose. (*See* doc. 68 at 3, 6; 8.) He further swore in open court that everything he agreed to with the Government was in the written plea agreement and supplement, and that no promise had been made to him to get him to plead guilty other than what was in those documents. (*See* doc. 366 at 10.) To the extent Movant's claim relies on arguments that counsel should have objected based on an agreement that cocaine would be the drug type used in calculating his guideline sentence, the objection would have been meritless. The claim does not warrant § 2255 relief on this additional basis and should be denied.

claim should be denied.

## IV.   EVIDENTIARY HEARING

Movant requests an evidentiary hearing before this Court on his claims. (*See* No. 3:20-CV-3232-B-BH, doc. 19 at 21-22; *id.*, doc. 29 at 8.) No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross*, 694 F.2d at n.2.

Here, Movant has failed to come forward with independent indicia in support of the likely merit of his claims. *See Reed*, 719 F.3d at 373. He has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

## V.   RECOMMENDATION

The *Final Amended Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on October 5, 2021 (doc. 18), should be **DENIED** with prejudice.

**SIGNED this 13th day of October, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE